UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON QUESADA,<br><br>Plaintiff,<br><br>v.<br><br>MARTEN TRANSPORT, LTD, et al.,<br><br>Defendants. | No. 2:23-cv-00311-DAD-KJN<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS<br><br>(Doc. Nos. 25, 28, 29, 30, 83) |

On June 6, 2022 and June 22, 2022, defendants filed their respective motions to dismiss certain claims brought by plaintiff in his first amended complaint ("FAC"). (Doc. Nos. 25, 28, 29, 30.) On February 21, 2023, this case was transferred to this court from the U.S. District Court for the Central District of California. (Doc. No. 64.) On October 6, 2023, the pending motions to dismiss were referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (Doc. No. 80.)

On December 20, 2023, the assigned magistrate judge issued findings and recommendations recommending that the pending motions to dismiss (Doc. Nos. 25, 28, 29, 30) be granted in part and denied in part. (Doc. No. 83.) Specifically, the magistrate judge found that the FAC adequately alleges claims against defendant Marten Transport for "failure to provide reasonable accommodations under [California's Fair Employment and Housing Act] FEHA (Claim 4); [California Family Rights Act] CFRA leave retaliation (Claim 8); breach of an

1

implied-in-fact contract (Claim 10), and negligent hiring, supervision, and retention (Claim 11)." (*Id.* at 23.)[1] The magistrate judge also found that the FAC "fails to state a claim against defendant Marten Transport for harassment (Claim 2) (and associated 'failure to prevent harassment' in Claim 6), CFRA leave interference (contained in Claim 8), breach of express oral contract (Claim 9), and intentional infliction of emotional distress (Claim 13)," and thus recommends dismissal of those claims. (*Id.*) Further, the magistrate judge found that the FAC "fails to state a claim against defendants Grieling, Crandall, and Bauer for harassment (Claim 2) and intentional infliction of emotional distress (Claim 13)," and likewise recommends that those claims be dismissed. (*Id.*)

As for whether leave to amend should be granted, the magistrate judge concluded that plaintiff's claim of CFRA leave interference (contained in Claim 8[2]) is foreclosed as a matter of law based on plaintiff's alleged timeline of events, and thus granting leave to amend that claim would be futile. (*Id.*) As for the other claims that the magistrate judge found to be insufficiently alleged, the findings and recommendations recommend that leave to amend be granted because the magistrate judge could "not conclude it would be futile to allow plaintiff the opportunity to allege additional facts." (*Id.* at 23–24.) Accordingly, the findings and recommendations provides that "[i]f plaintiff wishes to amend these claims, he shall state as much in his objections to these findings and recommendations and state the additional facts he intends to rely on—so that the district judge can make a final determination regarding amendment of these claims." (*Id.* at 24.) The findings and recommendations further note that if plaintiff elected to forgo further any amendment, then the individual defendants should be dismissed from this case. (*Id.*)

/////

---

[1] The magistrate judge further concluded that those claims, along with plaintiff's claims that were not challenged in the pending motions to dismiss—"discrimination (Claim 1), retaliation (Claim 3), failure to engage in the interactive process (Claim 5), failure to prevent discrimination and retaliation (Claim 6), whistleblower retaliation (Claim 7), and *Tameny* wrongful termination (Claim 12)—should proceed to discovery. (Doc. No. 83 at 23.)

[2] The findings and recommendations refer to this claim as Claim 7, but that appears to be a typographical error because Claim 7 is plaintiff's whistleblower retaliation claim, which was not challenged in the pending motions to dismiss.

2

1     The pending findings and recommendations were served on all parties and contained
notice that any objections thereto were to be filed within fourteen (14) days of service. (*Id.* at 25.)
No objections have been filed, and the time in which to do so has now passed. Notably, by not
filing any objections, plaintiff has not taken the opportunity to provide the undersigned with any
arguments in favor of the court granting further leave to amend nor proffered additional
allegations that he would include in any further amended complaint. This suggests that plaintiff
does not intend to file a second amended complaint. Nevertheless, out of an abundance of
caution, the undersigned will provide plaintiff with an opportunity to file a second amended
complaint to attempt to cure the deficiencies outlined in the pending findings and
recommendations. That is, the court will grant plaintiff leave to amend the claims that the
magistrate judge found to be insufficient, except plaintiff's claim of CFRA leave interference
(contained in Claim 8), which will be dismissed without leave to amend.

    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court conducted a *de novo* review of the case. Having carefully reviewed the file, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on December 20, 2023 (Doc. No. 83) are adopted in full;

2. Defendants' motions to dismiss (Doc. Nos. 25, 28, 29, 30) are granted in part and denied in part, as follows:

    a. Plaintiff's claim of CFRA leave interference (contained in Claim 8) is dismissed, without leave to amend, due to plaintiff's failure to state a claim;

    b. Plaintiff's claims of FEHA harassment (claim 2), breach of express oral contract (claim 9), and intentional infliction of emotional distress (claim 13) are dismissed due to plaintiff's failure to state a claim; and

    c. The motions to dismiss are otherwise denied;

/////

3. Within fourteen (14) days from the date of entry of this order, plaintiff shall file either a second amended complaint or a notice of his intent not to amend his complaint any further and to proceed only on the claims that were not challenged by the defendants in their motions to dismiss and on the claims found to be cognizable by findings and recommendations adopted herein; and

4. Plaintiff is cautioned that his failure to timely file either a second amended complaint or a notice of his intent, as directed, will result in the dismissal of the claims that have been insufficiently stated and dismissal of the individual defendants in this action.

IT IS SO ORDERED.

Dated: **January 9, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE