1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAMON QUESADA,                          No.  2:23-cv-00311-DAD-CSK

12                   Plaintiff,

13        v.                                  ORDER GRANTING DEFENDANTS'
                                              MOTIONS TO DISMISS CERTAIN CLAIMS
14   MARTEN TRANSPORT, LTD, et al.,           AND DENYING DEFENDANTS' MOTIONS
                                              FOR MONETARY SANCTIONS
15                   Defendants.
                                              (Doc. Nos. 86, 87, 88, 89, 99)
16

17        This matter is before the court on defendants' motions to dismiss certain claims brought

18   by plaintiff in his second amended complaint ("SAC") and defendants' motions for the imposition

19   of monetary sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.  (Doc. Nos.

20   86, 87, 88, 89, 99.)  The pending motions were taken under submission to be decided on the

21   papers pursuant to Local Rule 230(g).  (Doc. Nos. 7, 101.)  For the reasons explained below, the

22   court will grant defendants' motions to dismiss and deny defendants' motions seeking imposition

23   of monetary sanctions.

24                                  **BACKGROUND**

25        Plaintiff Ramon Quesada, a commercial truck driver, initiated this employment

26   discrimination action against his former employer—defendants Marten Transport, LTD; Marten

27   Transport; and Marten Transport Services, LTD (collectively, the "Marten defendants")—and

28   three individual defendants employed by the Marten defendants—Tabitha Crandall (dispatcher),

                                              1

Ann Bauer (human resources), and Jeffrey Greiling[1] (human resources) (collectively, the "individual defendants"). The gravamen of plaintiff's claims at issue in the pending motions are that defendants harassed him and intentionally caused him emotional distress because he resisted their efforts to convince him to resign/retire. Specifically, plaintiff alleges four instances of defendant Greiling making age- and disability-related comments over a three-year period, each time plaintiff was due to return from medical leave, encouraging plaintiff to retire.

Pursuant to the stipulation by the parties and before the defendants filed a response to plaintiff's initial complaint, plaintiff filed a first amended complaint ("FAC"). (Doc. Nos. 13, 24.) The Marten defendants and each of the individual defendants then filed motions to dismiss certain claims brought by plaintiff in the FAC. (Doc. Nos. 25, 28, 29, 30.) On October 6, 2023, the undersigned referred those motions to the previously-assigned magistrate judge for the issuance of findings and recommendations. (Doc. No. 80.) On December 20, 2023, the magistrate judge issued findings and recommendations recommending that the defendants' motions to dismiss be granted in part and denied in part, and recommending that plaintiff be granted leave to amend only as to three of his claims—California's Fair Employment and Housing Act ("FEHA") harassment, breach of express oral contract, and intentional infliction of emotional distress ("IIED").[2] (Doc. No. 83.) However, with regard to any such amendment, the findings and recommendations specifically cautioned plaintiff that:

> should he choose to amend on these claims, he shall consider the authorities cited herein and provide additional facts, subject to Rule 11, that meet the standard for severe harassment (*see, e.g., Cornell*, 18 Cal. App. 5th at 940; *Saqqa*, 2022 WL 17817445 at *4–5; *Arnold*, 53 Cal. App. 5th at 428; *Holtzclaw*, 795 F. Supp. at 1014), outrageous conduct beyond the bounds of human decency (*Janken*, 46 Cal. App. 4th at 80), or explicit words and terms of this

---

[1] The spelling of defendant Jeffrey Greiling's last name has varied throughout this litigation, at times spelled Greiling and at other times spelled Grieling. The parties have not pointed out this discrepancy or clarified which spelling is correct, though the court's docket and defendant Greiling's briefing on the pending motions utilize the spelling: Greiling. Thus, the court will utilize that spelling in this order as well.

[2] As reflected in those findings and recommendations, several of plaintiff's claims were not challenged in the defendants' motions to dismiss, and some of the challenged claims were found to be sufficiently alleged in the FAC. (Doc. No. 83 at 23.)

any express oral agreement (*see, e.g.*, *Foley*, 47 Cal. 3d at 675; *Tran*, 2021 Cal. Super. LEXIS 55461 at *7; *Heritage Pac. Fin.*, 215 Cal. App. 4th at 993).  If plaintiff wishes to amend these claims, he shall state as much in his objections to these findings and recommendations and state the additional facts he intends to rely on—so that the district judge can make a final determination regarding amendment of these claims.

(Doc. No. 83 at 24.)  Despite this directive, plaintiff did not file any objections to the findings and recommendations or otherwise communicate with the court.

On January 10, 2024, those thorough and comprehensive findings and recommendations were adopted in full by the undersigned.  (Doc. No. 84.)  In the court's January 10, 2024 order, the court noted that "by not filing any objections, plaintiff has not taken the opportunity to provide the undersigned with any arguments in favor of the court granting further leave to amend nor proffered additional allegations that he would include in any further amended complaint." (*Id.* at 3.)  Even though this suggested to the court that plaintiff did not intend to file a second amended complaint, the court nevertheless granted plaintiff leave to amend "to attempt to cure the deficiencies outlined in the pending findings and recommendations."  (*Id.*)

Just three hours after the court's January 10, 2024 order was entered on the docket in this action, plaintiff filed the operative SAC.  (Doc. No. 85.)  Of the three claims on which plaintiff was granted leave to amend, in the SAC, plaintiff opted to maintain his FEHA harassment claim and his IIED claim against all defendants, but not his claim for breach of express oral contract. (*Id.* at 19, 31.)  Plaintiff did not, however, meaningfully attempt to cure the deficiencies that had been identified by the court with regard to these claims.  The redline version reflecting the changes made from plaintiff's FAC to the SAC show that the five paragraphs of allegations under the heading of plaintiff's IIED claim are identical, with no changes whatsoever.  (*See* Doc. No. 87-3 at 14.)  Similarly, the seven paragraphs of allegations under the heading of plaintiff's FEHA harassment claim are the same in the SAC, with the only change being an added reference to California Government Code § 12923(b).  (*Id.* at 13–14.)  Moreover, the vast majority of the changes to the "factual allegations" section of the SAC consist of minor edits and tweaks to grammar, moving sentences to other paragraphs, and correcting spelling mistakes.  (*See id.* at 5–11.)  Consequently, in this order, the court will not summarize plaintiff's allegations, which

3

1   remain materially the same as those previously summarized by the magistrate judge in the

2   findings and recommendations issued on December 20, 2023, and which the court incorporates

3   herein by reference.

4        On January 24, 2024, the Marten defendants and each of the individual defendants filed

5   motions to dismiss plaintiff's FEHA harassment claim and IIED claim re-alleged by plaintiff in

6   the SAC.  (Doc. Nos. 86–89.)  In their motion to dismiss, the Marten defendants also request that

7   the court impose sanctions against plaintiff in the form of reasonable attorneys' fees and costs due

8   to "plaintiff's flagrant disregard of the court's order and Rule 11."  (Doc. No. 86-1 at 6, 17–18.)

9   On February 7, 2024, plaintiff filed oppositions to the pending motions to dismiss.  (Doc. Nos.

10  91–94.)  On February 20, 2024, defendants filed their respective replies thereto.  (Doc. No. 95–

11  98.)

12       On March 25, 2024, the individual defendants filed a stand-alone joint motion for the

13  imposition of monetary sanctions pursuant to Rule 11.  (Doc. No. 99.)  Specifically, the

14  individual defendants request that the court order plaintiff to pay $16,180 in attorneys' fees and

15  costs "incurred in connection with [plaintiff's] improper filing of the meritless SAC."  (*Id.* at 9.)

16  Plaintiff filed an opposition to the individual defendants' motion for monetary sanctions on April

17  8, 2024, and the individual defendants filed their reply thereto on April 18, 2024.  (Doc. Nos. 102,

18  103.)

19                                     **LEGAL STANDARD**

20       The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal

21  sufficiency of the complaint.  *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

22  1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of

23  sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901

24  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to

25  relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A

26  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

27  the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.

28  Iqbal*, 556 U.S. 662, 678 (2009).

4

1    In determining whether a complaint states a claim on which relief may be granted, the

2    court accepts as true the allegations in the complaint and construes the allegations in the light

3    most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  However,

4    the court need not assume the truth of legal conclusions cast in the form of factual allegations.

5    *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  While Rule 8(a) does not

6    require detailed factual allegations, "it demands more than an unadorned, the-defendant-

7    unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers

8    mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

9    *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements

10   of a cause of action, supported by mere conclusory statements, do not suffice.").  It is

11   inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the

12   defendants have violated the . . . laws in ways that have not been alleged."  *Associated Gen.*

13   *Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

14   In ruling on a motion to dismiss under Rule 12(b)(6), the court is permitted to consider

15   material that is properly submitted as part of the complaint, documents that are not physically

16   attached to the complaint if their authenticity is not contested and the plaintiffs' complaint

17   necessarily relies on them, and matters of public record.  *Lee v. City of Los Angeles*, 250 F.3d

18   668, 688–89 (9th Cir. 2001).

19                                          **ANALYSIS**

20   **A.    Defendants' Motions to Dismiss Plaintiff's FEHA Harassment and IIED Claims**

21   In their respective motions to dismiss, defendants emphasize that, despite specific

22   guidance and warnings from the court, plaintiff's SAC still fails to state cognizable claims of

23   FEHA harassment and IIED, and plaintiff did not even attempt to allege additional facts to

24   attempt to cure the pleading deficiencies identified by the court.  (Doc. Nos. 86 at 6; 87-1 at 2;

25   88-1 at 2; 89-1 at 2.)  That is, the Marten defendants assert that "plaintiff ignored the court's order

26   as his [SAC] is entirely devoid of new factual allegations," and "plaintiff makes no effort to

27   introduce new facts for the court's consideration, suggesting that he does not have additional

28   information to support his unsubstantiated claims."  (Doc. No. 86-1 at 6.)  The individual

1    defendants likewise assert in their motions to dismiss that the SAC "adds nothing of substance to

2    plaintiff's claims as alleged in the [FAC]," and "[h]aving failed to take advantage of the

3    opportunity to correct the deficiencies in his pleading after its dismissal, plaintiff has made it

4    clear that he remains unable to assert sufficient facts to support his claims . . . ."  (Doc. Nos. 87-1

5    at 2; 88-1 at 2; 89-1 at 2.)

6         In his oppositions to the pending motions to dismiss, plaintiff merely repeats many of the

7    arguments that he had raised in opposing defendants' prior motions to dismiss—arguments that

8    were already addressed and properly rejected in the findings and recommendations which the

9    undersigned adopted.  (*Compare* Doc. No. 91 *with* Doc. No. 38.)  Notably, despite the emphasis

10   defendants place on the lack of new factual allegations in the SAC, plaintiff's opposition does not

11   rebut this assertion by pointing to specific, new factual allegations appearing in the SAC—let

12   alone advance any arguments as to how those new allegations are sufficient to cure the pleading

13   deficiencies previously identified by the court.[3]

14        Indeed, in their reply briefs, the Marten defendants accurately note that in his opposition,

15   "plaintiff argues the sufficiency of his harassment and IIED allegations as if this were the first—

16   and not the second—time that the court was faced with considering the dismissal of these two

17   claims, with no reference to new factual allegations."  (Doc. No. 98 at 5.)  Similarly, the

18   individual defendants assert in their reply briefs that, "[l]ike his amended pleading, plaintiff's

19   /////

20

21   [3]   At most, plaintiff purports to advance a new legal theory based on California Government Code
     § 12923(b), which provides that "[a] single incident of harassing conduct is sufficient to create a
22   triable issue regarding the existence of a hostile work environment if the harassing conduct has
     unreasonably interfered with the plaintiff's work performance or created an intimidating, hostile,
23   or offensive working environment."  Cal. Gov't Code § 12923(b).  However, this recitation of the
     statute is not materially different from a statement of law that plaintiff included in his opposition
24   to defendants' prior motion to dismiss.  (*See* Doc. No. 44 at 17) ("The law provides that even a
     single offensive act or comment by a supervisor is sufficient for liability.") (citing *Dee v. Vintage
25   Petroleum*, 106 Cal. App. 4th 30, 36 (2003)).  More importantly, plaintiff's FEHA harassment
     claim is not predicated on a single incident—rather, plaintiff alleges several instances of
26   harassment and the court already concluded that none of those instances constitutes harassment
     under California law.  Plaintiff's reliance on § 12923(b) in the SAC is therefore misplaced and
27   does not alter this court's conclusion that plaintiff's factual allegations remain insufficient to state
     a cognizable FEHA harassment claim.
28

6

1    opposition adds nothing of substance to his previous arguments—we are just going over

2    adjudicated territory once more."  (Doc. Nos. 95 at 2; 96 at 2; 97 at 2.)

3          The court agrees with defendants.  Plaintiff has not articulated any new arguments nor

4    added any new factual allegations to his SAC that would warrant any further analysis by this

5    court beyond the analysis contained in the findings and recommendations that the undersigned

6    adopted on January 10, 2024.  (*See* Doc. Nos. 83, 84.)  Because the allegations of plaintiff's SAC

7    are not materially different or new, that prior analysis remains applicable.  Rather than repeat it

8    herein, the court incorporates by reference the discussion of plaintiff's FEHA harassment and

9    IIED claims appearing in the findings and recommendations issued on December 20, 2023 (Doc.

10   No. 83).[4]  For those same reasons, the court will grant defendants' motions to dismiss plaintiff's

11   FEHA harassment and IIED claims, albeit this time without further leave to amend, as granting

12   further leave to amend would clearly be futile.  In addition, because the FEHA harassment and

13   IIED claims were the only claims that plaintiff brought against the individual defendants in the

14   SAC, the court will also dismiss the individual defendants from this action.

15   **B.     Defendants' Motions for Rule 11 Monetary Sanctions**

16         Under Rule 11 of the Federal Rules of Civil Procedure, an attorney presenting a pleading,

17   written motion, or other paper to the court certifies that to the best of their "knowledge,

18   information, and belief, formed after an inquiry reasonable under the circumstances:"  (1) "it is

19   not being presented for any improper purpose, such as to harass, cause unnecessary delay, or

20   needlessly increase the cost of litigation"; (2) "the claims, defenses, and other legal contentions

21   are warranted by existing law or by a nonfrivolous argument for extending, modifying, or

22   reversing existing law or for establishing new law"; and (3) "the factual contentions have

23

---

24   [4]  The court has identified one potentially new factual allegation in the SAC, which states
     "Greiling's outrageous and discriminatory comments regarding Quesada's age and medical
25   disabilities created immense fear and stress for him."  (SAC at ¶ 17(q).)  That allegation does not
     appear verbatim in the FAC.  However, this allegation is not materially different from plaintiff's
26   allegations in the FAC regarding defendant Greiling's comments causing him "tremendous
     anxiety" and that "[t]his stress and anxiety caused [plaintiff] to fear returning to work and being
27   subjected to more discrimination and harassment by Greiling."  (FAC at ¶ 19(d).)  These latter
     allegations are also re-alleged verbatim in the SAC.  (SAC at ¶ 19(d).)
28
                                                    7

evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(1)–(3). When the court determines that Rule 11(b) has been violated, it "may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996) (quoting *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988)). "[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). When a court examines a complaint for frivolousness under Rule 11, it must determine both: (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) whether the attorney conducted a reasonable and competent inquiry before signing it. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). A nonfrivolous complaint cannot be filed for an improper purpose. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (citing *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir. 1986), *abrogated on other grounds by Cooter & Gell*, 496 U.S. at 399–405).

As a preliminary matter, the Marten defendants' motion for Rule 11 sanctions must be denied as improper because the Marten defendants included their request for the imposition of sanctions in their motion to dismiss, as opposed to in a stand-alone motion as required. Before filing a Rule 11 motion for sanctions with the court, a party must first serve it on the opposing party and allow the opposing party a "safe" harbor of 21 days in which to withdraw or correct the challenged filing. Fed. R. Civ. P. 11(c)(2); *see also Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am. LLC*, 339 F.3d 1146, 1152 (9th Cir. 2002). A party that fails to comply with the safe harbor provision, e.g., by filing a motion for sanctions fewer than 21 days after serving it on the opposing party, is not entitled to sanctions. *Holgate v. Baldwin*, 425 F.3d 671, 678–79 (9th Cir. 2005). In addition, a Rule 11 motion for sanctions must be filed separately from any other motion. *Id.* ("When Rule 11 sanctions are initiated by motion of a party, that motion must be

8

1  separate 'from other motions or requests' and must 'describe the specific conduct alleged to

2  violate' Rule 11(b)"); Fed. R. Civ. P. 11(c)(2).  The Marten defendants plainly did not comply

3  with the requirements of Rule 11 in this regard.  For this reason, the court will deny their motion

4  for imposition of Rule 11 sanctions.

5        The individual defendants, on the other hand, satisfied the procedural requirements of

6  Rule 11 by filing their motion for sanctions separately from their motions to dismiss.  (Doc. No.

7  99.)  The individual defendants argue that imposition of monetary sanctions is warranted here

8  because plaintiff filed the SAC for the improper purpose of relitigating the individual defendants'

9  successful motion to dismiss the claims brought against them in the FAC.  (Doc. No. 99-1 at 5–

10  6.)  In his opposition to the individual defendants' motion for sanctions, plaintiff counters that he

11  complied with Rule 11 and the court's order granting leave to amend by:  (i) adding a reference in

12  his SAC to California Government Code § 12923(b) to support his FEHA harassment claim; and

13  (ii) adding new facts to his allegations in support of his IIED claim.  (Doc. No. 102 at 4–5.)

14  However, as noted above, plaintiff's reference to § 12923(b) is insufficient to address the noted

15  deficiencies with plaintiff's FEHA harassment claim, and any new factual allegations are not

16  materially different from what had already been alleged in the FAC.

17        For these reasons, the court understands why defendants believe that the imposition of

18  sanctions is warranted under these circumstances.  The court is not unsympathetic to defendants'

19  frustrations.  Nonetheless, in the interest of conservation of judicial resources,[5] the court exercises

20  its discretion and will not impose monetary sanctions against plaintiff for filing the SAC.  In light

21  of the court's ruling on the individual defendants' motion to dismiss, no claims remain against the

22

23

24

25

26

27

28

---

[5]  Although "the focus of Rule 11 is on whether a claim is wholly without merit, and is not dictated by whether resources will be expended in deciding the motion, Rule 11 motions should conserve rather than misuse judicial resources." *Moeck v. Pleasant Valley Sch. Dist.*, 844 F.3d 387, 392 n.9 (3d Cir. 2016).  In fact, "Rule 11(c)(6) requires only that a district court explain the basis of its order when the court imposes a sanction, not when it denies sanctions." *Id.* at 391 (upholding the denial of motions for sanctions where the district court merely found that the "motions were meritless"); *accord* Fed. R. Civ. P. 11, Advisory Committee Note (1993) ("[T]he court should not ordinarily have to explain its denial of a motion for sanctions."); *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 826 (9th Cir. 2009) ("A district court does not as a matter of law abuse its discretion by summarily denying a request for sanctions without making specific findings of facts.").

1   individual defendants—they will all be dismissed from this action, so there is no risk of frivolous

2   filings with regard to the individual defendants in this action in the future.  Plaintiff is warned

3   however that the court will not hesitate to impose sanctions as appropriate if his conduct

4   throughout this litigation with respect to his remaining claims against the Marten defendants

5   continues to demonstrate a disregard for the Federal Rules of Civil Procedure and the court's

6   orders.

7                                          **CONCLUSION**

8           For the reasons explained above,

9       1.      Defendants' motions to dismiss (Doc. Nos. 86, 87, 88, 89) are granted;

10              a.      Plaintiff's FEHA harassment claim (second cause of action) is dismissed,

11                      without leave to amend;

12              b.      Plaintiff's intentional infliction of emotional distress claim (twelfth cause

13                      of action) is dismissed, without leave to amend; and

14              c.      Because all claims against defendants Jeffrey Greiling, Ann Bauer, and

15                      Tabetha Crandall have been dismissed without leave to amend, these

16                      defendants are dismissed from this action;

17      2.      Defendants Marten Transport, LTD; Marten Transport; and Marten Transport

18              Services, LTD shall file an answer responding to the remaining claims asserted in

19              plaintiff's second amended complaint by no later than twenty-one (21) days after

20              the date of entry of this order;

21      3.      Defendants' motions for Rule 11 monetary sanctions (Doc. No. 86, 99) are denied;

22              and

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

4.      The Clerk of the Court is directed to update the docket to reflect that defendants Jeffrey Greiling, Ann Bauer, and Tabetha Crandall have been terminated as named defendants from this action.

IT IS SO ORDERED.

Dated:    **July 8, 2024**                                    ___Dale A. Drozd___

                                                    DALE A. DROZD
                                                    UNITED STATES DISTRICT JUDGE

11