1  Carney R. Shegerian, Esq., State Bar No. 150461
     CShegerian@Shegerianlaw.com
2  Mahru Madjidi, Esq., State Bar No. 297906
     MMadjidi@Shegerianlaw.com
3  Nicole L. Gilanians, Esq., State Bar No. 346710
     NGilanians@Shegerianlaw.com
4  **Shegerian & Associates, Inc.**
   225 Santa Monica Boulevard, Suite 700
5  Santa Monica, California 90401
   Telephone:  (310) 860-0770
6
   Attorneys for Plaintiff Ramon Quesada
7
   Michael E. Brewer (State Bar No. 177912)
8    michael.brewer@bakermckenzie.com
   **Baker & McKenzie LLP**
9  Two Embarcadero Center, 11th Floor
   San Francisco, CA 94111
10 Telephone:  (415) 576-3000

11 Kimberly F. Rich (State Bar No. 185507)
     kimberly.rich@bakermckenzie.com
12 **Baker & McKenzie LLP**
   1900 North Pearl Street, Suite 1500
13 Dallas, Texas 75201
   Telephone: (214) 978-3051
14
   Attorneys for Defendant Marten Transport, Ltd.
15

16                **UNITED STATES DISTRICT COURT**

17            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

18

19 RAMON QUESADA                          )  Case No.:  2:23-cv-00311-DAD-CSK
                                          )
20         Plaintiff,                     )  **The Honorable Judge Dale A. Drozd**
                                          )  **Magistrate Judge Chi Soo Kim**
21 vs.                                    )
                                          )  **JOINT STIPULATION AND [PROPOSED]**
22 MARTEN TRANSPORT, LTD., MARTEN         )  **ORDER FOR DEFENSE MEDICAL**
   TRANSPORT, MARTEN TRANSPORT            )  **EXAMINATION OF PLAINTIFF, RAMON**
23 SERVICES, LTD., ANN BAUER,             )  **QUESADA (F.R.C.P. Rule 35)**
   TABETHA CRANDALL, JEFFREY              )
24 GREILING, and DOES 1 through 100,      )  Trial Date:     8/11/2025 at 9:00 a.m.
   inclusive                              )  Second Amended Complaint Filed: 1/10/2024
25                                        )
                                          )
26         Defendants.                    )
                                          )
27

28
                                                    2:23-cv-00311-DAD-CSK
   ────────────────────────────────────────────────────────────────
        JOINT STIP. FOR DEFENSE MEDICAL EXAMINATION OF PLAINTIFF

PLEASE TAKE NOTICE that Plaintiff Ramon Quesada ("Plaintiff"), and Defendants Marten Transport, Ltd. and Marten Transport Services, Ltd. ("Defendants") (collectively "the Parties"), hereby stipulate that pursuant to Federal Rules of Civil Procedure Rule 35, *et seq.,* and pursuant to Defendants' request, Plaintiff will submit to a defense medical examination (the "Examination") conducted by Dr. Keith McBurnett, who has been a licensed psychologist since 1991. The Examination will be conducted as follows:

1.   The Examination will be conducted on November 4, 2024 at 12:00 p.m. at Hilton Stockton – Charles Weber Executive Board Room, 2323 Grand Canal Boulevard, Stockton, CA 95207, Telephone (209) 956-1310.

2.   Plaintiff shall not be required to fill out any patient information form of any type whatsoever, including "new patient" forms, insurance forms, identification forms, authorizations for records, arbitration forms, waivers, and releases, and shall not be asked to do so by the medical professional or his staff.

3.   The medical professional's office will not take photographs, fingerprints, or other identification information from plaintiff, including driver's license, Social Security number and home address.  Plaintiff will not be required to disclose his residence telephone number or mobile telephone number.

4.   The Examination shall consist of standard testing components, which will be composed of and limited to Minnesota Multiphasic Personality Inventory-2 (MMPI-2), the Personality Assessment Inventory (PAI), mental status exam, and developmental history.

5.   Copies of the raw data generated and all test results regarding Plaintiff shall be sent to Plaintiff's counsel within fifteen (15) days of the Examination or five (5) days before Dr. McBurnett's deposition, whichever is sooner.

6.   The Examination shall also include an interview of Plaintiff.  During the interview component, Dr. McBurnett will not ask questions about Plaintiff's criminal history (if any), voluntary or consensual sexual history or current sexual conduct (if any), or recreational drug history (if any).  Plaintiff also will not be asked any question that would invade the attorney-client privilege, nor will Plaintiff be asked any question relating to his monetary and financial goals in relation to this litigation. The interview will assess

2:23-cv-00311-DAD-CSK

JOINT STIP. FOR DEFENSE MEDICAL EXAMINATION OF PLAINTIFF

his current medical and psychological symptoms and treatment and his prior medical and psychological symptoms and treatment, his discovery responses, and the medical records produced in the case as they relate to or affect his claims of emotional distress connected to his employment with Defendants.

7.   The Examination shall be conducted in a single session, not to exceed seven (7) hours, including any time Plaintiff is afforded for breaks and meals.  Plaintiff shall be entitled to take reasonable breaks during the examination process, including taking a lunch break, rest breaks, and bathroom breaks. The examination shall consist entirely of the above-mentioned interview component and standard testing component.  No invasive or physical examination will be performed.  There will be no blood tests or other intrusive medical studies or procedures.  If at any time during the proceedings Plaintiff believes in reasonable good faith that the proceeding has become abusive, he will immediately notify his counsel or other designated representative in order to try to resolve the matter at that time.

8.   No person except Plaintiff and Dr. McBurnett will be present during the Examination. Specifically, neither Plaintiff nor Defendants will have the right to have any lawyer present during the examination.  *See Toyota Motor Sales, U.S.A., Inc. v. Superior Court* (2010) 189 Cal.App.4th 1391.

9.   Plaintiff may record the interview by audio technology.  However, there shall be no video recording of the testing, which shall take place in a completely private room reserved solely for plaintiff and Dr. McBurnett.  If Dr. McBurnett audio records the examination, he agrees to produce the recording to Plaintiff within five (5) days of the conclusion of the Examination.  The audio recorders must be off during the psychological testing to protect the test questions from dissemination in the public domain. However, in the event that there is any talking during the psychological testing, such testing shall be audio recorded.  No written transcript shall be created from any portion of the Examination.

10.   The disclosure, production, and delivery of any report regarding the examination shall be governed by Federal Rules of Civil Procedure Rule 35(b).  Dr. McBurnett shall produce a copy of his detailed written report and writings as governed by Federal Rules of Civil Procedure Rule 35, no later than twenty (20) after the Examination, or no later than five (5) days before Dr. McBurnett's scheduled deposition, whichever is earlier.  Failure to comply with the above, unless for good cause shown for noncompliance or agreement otherwise between the parties, will result in Dr. McBurnett being stricken as Defendants' retained expert witness.

11.   In the event of any violation of any of the provisions of this Stipulation by Dr. McBurnett or Defendants, Plaintiff may move for relief for same.  By agreeing to this particular provision, Defendants do not waive any objection or defense to said motion.  Notwithstanding the foregoing, provided that Plaintiff moves within five (5) days of discovery of any purported violation of this stipulation or Dr. McBurnett's deposition, whichever is sooner, Defendants will not object to the motion on the ground that it is untimely.

12.   Defendants are to transmit a copy of this Stipulation to Dr. McBurnett immediately to advise him promptly that he must comply with the limitations imposed by this Stipulation.  By proceeding with the examination, Dr. McBurnett will be deemed to have consented to the terms of this Stipulation, and he agrees to abide by its terms.

13.   This Stipulation is being entered pursuant to Federal Rules of Civil Procedure Rule 35 and, except as expressly provided in the stipulation, the Examination will be conducted pursuant to Federal Rules of Civil Procedure Rule 35.

**IT IS SO STIPULATED.**

Dated:  October 31, 2024          SHEGERIAN & ASSOCIATES, INC.


By:   */s/ Nicole L. Gilanians*
      Nicole L. Gilanians, Esq.

Attorneys for Plaintiff,
Ramon Quesada


Dated:  October 31, 2024          Baker & McKenzie LLP


By:    */s/ Michael E. Brewer*
      Michael E. Brewer

Attorneys for Defendant,
Marten Transport, Ltd.

**ORDER**

**IT IS SO ORDERED** that Plaintiff Ramon Quesada will attend a Federal Rules of Civil Procedure 35 examination conducted by Dr. Keith McBurnett, a licensed psychologist, on November 4, 2024, at 12:00 p.m. at the Hilton Stockton in the Charles Weber Executive Board Room, located at 2323 Grand Canal Boulevard, Stockton, CA 95207. The examination will be conducted in the manner outlined in the parties' stipulation above**.**

Dated:  November 1, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, ques.0311.24

JOINT STIP. FOR DEFENSE MEDICAL EXAMINATION OF PLAINTIFF